B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** Elisha Lee Harrington | **DEFENDANTS** Navient - Department of Education Loan Servicing, Firstmark Services, LLC, LTD Financial Services Limited Partnership, & National Collegiate Student Loan Trust 2007-4 |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Trevor A. Daniel (P73480) 6803 Roosevelt Avenue Allen Park, MI 48101     (313) 386-1400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Debtor's Complaint to Determine Dischargeability of Student Loans pursuant to 11 U.S.C. § 523(a)(8)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Elisha Lee Harrington | BANKRUPTCY CASE NO.<br>14-44755-pjs | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Michigan | DIVISION OFFICE<br>Southern Division | NAME OF JUDGE<br>*Phillip J. Shefferly* | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Trevor A. Daniel | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

**Elisha Lee Harrington**
   **Plaintiff**

v.

**Navient – Department of Education Loan Servicing,**

**Firstmark Services, LLC,**

**LTD Financial Services Limited Partnership, and**

**National Collegiate Student Loan Trust 2007-4**

   **Defendants.**

Case No.: 14-44755-PJS
Hon.: PHILLIP J. SHEFFERLY

_____/

| | |
|---|---|
| LAW OFFICES OF MILLER & MILLER, P.C.<br>*By:* TREVOR A. DANIEL P60944<br>Attorney for Plaintiff<br>6803 Roosevelt Avenue<br>Allen Park, Michigan 48101<br>(313) 386-1400 / Fax (313) 386-3845<br>trevor@miller-law.net | Kenneth Nathan<br>Trustee<br>20750 Civic Center Drive<br>Suite 120<br>Southfield, MI 48076<br>(248) 352-1636<br>knathantrustee@nathanlawplc.com |

_____/

### DEBTOR'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS PURSUANT TO 11 U.S.C. § 523(a)(8)

NOW COMES the Plaintiff, Elisha Lee Harrington, by and through her attorneys, the Law Offices of Miller & Miller, P.C., and pursuant to Bankruptcy Code 11 U.S.C. § 523(a)(8) and the Federal Rules of Bankruptcy and for her request now states:

1. That the jurisdiction and venue are appropriate in this court pursuant to the following reasons as well as §28 U.S.C 157, particularly §157(b)(2)(I) to determine if Plaintiff, Elisha Lee Harrington's, student loan debts are dischargeable because they cause an undue hardship to either herself and/or her dependents.

2. That the Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the Eastern District of Michigan bearing Case No. 14-44755-pjs on or about March 21, 2014 which commenced this case.

1

3. That a 341(a) hearing was conducted in said case on or about April 24, 2014.

4. That Kenneth Nathan, of Nathan Law PLC, was appointed as the Chapter 7 Bankruptcy trustee assigned to said case.

5. That during the initial bankruptcy proceedings, the Plaintiff, who is the Debtor in said case, did not pursue an adversarial proceeding or Complaint to Determine Dischargeability of her student loan obligations through her bankruptcy proceedings.

6. That the court granted the Plaintiff a discharge in said case on or about June 24, 2014.

7. That the Plaintiff filed a Motion to Reopen her Bankruptcy case on or about November 4, 2015.

8. That this Court subsequently granted Plaintiff's Motion to Reopen her Bankruptcy case.

9. That Plaintiff, the Debtor in said Bankruptcy case, now files this Complaint to Determine Dischargeability of her Student Loan Debt pursuant to Bankruptcy Code 11 U.S.C. § 523(a)(8) and the Fed. R. of Bankr. P. 4007.

10. That Plaintiff is an unmarried, single woman at the age of 53 who is living in Michigan earning a net income of approximately $45,000.00.

11. That Defendant, Navient – Department of Education Loan Servicing, is a publicly traded corporation whose mailing address is Navient – U.S. Department of Education Loan Servicing, P.O. Box 9635, Wilkes-Barre, PA 18773-9635.

12. That Defendant, Firstmark Services, LLC is a private student loan servicer with a mailing address of PO Box 82522, Lincoln, NE 68501-2522.

13. That Defendant, LTD Financial Services Limited Partnership, on behalf of Citibank N.A., has a mailing address of 7322 Southwest Freeway Suite 1600, Houston, TX 77074-2053.

14. That Defendant, National Collegiate Student Loan Trust 2007-4, is represented by Weltman, Weinberg & Reis, Co. LPA, which is a debt collection law firm and has a mailing address of 3705 Marlane Drive, Grove City, Ohio 43123-8895.

15. That Plaintiff became indebted to the Defendants for loans used to finance her education, and/or loans she co-signed for her children's educational loans, in an amount that exceeds $300,000.00.

16. That Plaintiff is uncertain as to who owns or holds the promissory notes(s) evidencing the debt.

17. That Plaintiff was able to obtain the following degrees with the assistance of the above mentioned student loans: Bachelor's Degree in Business Administration through Spring Arbor University and a Master's Degree in Human Resources through Spring Arbor.

18. That Plaintiff's son, Seann Harrington, was able to obtain a Bachelor's Degree in Supply Chain Management with assistance of the above mentioned student loans.

19. That Plaintiff's son, Steven Harrington II, did not obtain a degree with the student loans.

20. Plaintiff's children are currently unemployed and with little likelihood of significantly improving their income and have had trouble consistently holding employment.

21. That Plaintiff is currently employed by Bank of America as a Financial Center Manager working full time with an approximate net income of $45,000.00, however she is currently carrying 8 exemptions to make ends meet, and will be faced with a large tax bill come the time she files her taxes.

22. That Plaintiff is unable to further advance her position or improve her income due to the length of time she has been working for the company and her age.

23. That Plaintiff's anticipated retirement age is 62, which is 8 years from now.

24. That Plaintiff has made a good faith effort to repay her student loan debt, however because of her limited resources and cost of living, she is unable to repay her student loan debt.

25. That Plaintiff has used most of the student loan repayment options available to her. She has obtained a deferral and placing the loans into forbearance and even entered into a loan consolidation program. Nevertheless, her student loan debts continue to swell.

26. That Plaintiff's debt, including accrued interest, should be discharged because repayment would constitute an undue hardship within the meaning of 11 U.S.C. § 523(a)(8) on both herself and her dependents, as they would be unable to pay said debt and maintain a basic standard of living.

3

WHEREFORE, the Plaintiff respectfully requests that this court:

A. Enter an Order that all or designated portions of Plaintiff's debt for educational loans were discharged in the Plaintiff's related bankruptcy case;
B. Issue an order forbidding the holders of such loans to attempt to collect any amounts determined to be non-dischargeable otherwise than by sending regular monthly statements that contain no threats of legal or other action for nonpayment;
C. Enjoin the holder(s) or servicers from attempting to enforce any judgment obtained otherwise than in accordance with the order prayed for herein;
D. Enjoin the holder(s) or servicers from disclosing the Plaintiff's physical address to any person, public or private agency, organization or entity of any type or to any sources of public record, information, or database accessible directly or indirectly without first obtaining leave to do so from this Court; and
E. Issue such further orders as justice may require.

I DECLARE THAT THE STATEMENTS ABOVE ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF AND I DECLARE THIS UNDER PENALTY OF PERJURY.

_____
Elisha Lee Harrington, Plaintiff

Respectfully submitted,
Law Offices of Miller & Miller, P.C.

By: _____
TREVOR A. DANIEL (P73480)
Attorney for Plaintiff
6803 Roosevelt Avenue
Allen Park, Michigan 48101-2530
Phone: (313) 386-1400 / Fax: 313-386-1400
Email: trevor@miller-law.net

Dated: January 25, 2016.

4